# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

UNITED STATES OF AMERICA                                                        PLAINTIFF

v.                                      4:13CR00217-03 JLH

JUSTIN LAMAR WILLIAMS                                                 DEFENDANT

## OPINION AND ORDER

Justin Williams has filed a motion to suppress a five-page, typewritten statement that the government proposes to introduce as his statement at trial. Williams contends that the statement was involuntary and therefore should be suppressed.

The Eighth Circuit has explained:

> "A statement is involuntary when it was extracted by threats, violence, or express or implied promises sufficient to overbear the defendant's will and critically impair his capacity for self-determination." *Simmons v. Bowersox*, 235 F.3d 1124, 1132 (8th Cir.), *cert. denied*, 534 U.S. 924 (2001). Whether a confession is involuntary is judged by the totality of the circumstances. *See Wilson v. Lawrence County*, 260 F.3d 946, 952 (8th Cir. 2001). The court must look at the "conduct of the officers and the characteristics of the accused." *See id*. The government bears the burden of persuasion and must prove by a preponderance of the evidence that the challenged statements were voluntary. *See United States v. Astello*, 241 F.3d 965, 966 (8th Cir.), *cert. denied*, 533 U.S. 962, 121 S. Ct. 2621, 150 L. Ed. 2d 774 (2001).

*United States v. Lebrun*, 363 F. 3d 715, 724 (8th Cir. 2004).

It is undisputed that the statement in question was prepared on the evening of June 25, 2013. Michael Gibbons, who is a detective for the North Little Rock Police Department and a Task Force Officer for the Bureau of Alcohol, Tobacco, and Firearms, was investigating a series of robberies and obtained information that Justin Williams may have been involved in those robberies. He and Detective Gary Jones of the North Little Rock Police Department went to Williams's place of employment at Radio Shack on Chenal Parkway in Little Rock late in the afternoon of June 25, 2013. According to Gibbons and Jones, Williams was invited to come to the North Little Rock Police

Department with them to give his side of the story but was informed that he was not under arrest. According to them, Williams was given the option of driving his own vehicle or riding in Gibbons's unmarked car, and he chose to ride with them. According to Gibbons, after they arrived at the North Little Rock Police Department, Gibbons read Williams the *Miranda* rights and obtained Williams's written signature on the *Miranda* form. Then, Gibbons says, Williams voluntarily gave a statement, which Gibbons typed, and after the statement was typed, Williams signed and dated each page of it. When that process was completed, Gibbons and Jones transported Williams back to the Radio Shack on Chenal.

According to Williams, he was given no choice as to whether to go with the officers to the North Little Rock Police Department, and when he arrived there, he made no statements. Instead, according to him, Gibbons asked him about a string of robberies, and he denied knowing anything about them, after which Gibbons threatened him with prosecution for lying to a federal agent. Williams testified that he pulled out his telephone to call a lawyer, but Gibbons instructed him that he was not allowed to call a lawyer. At that point, according to Williams, Gibbons began typing a statement without information from Williams. Gibbons then ordered Williams to sign each page of it, which he did because Gibbons told him that he could not go home unless he signed the document. According to Williams, he did not realize that he had signed a statement admitting his guilt at the time he signed the five pages of the typewritten statement. Williams says that he did not read the document because Gibbons told him that he would be charged with interfering with a federal investigation if he read it. Williams concedes that he was never handcuffed, and he admits that he signed both the *Miranda* warning form and each page of the typewritten statement.

The resolution of Williams's motion to suppress hinges almost entirely on the credibility of

Williams versus the credibility of Gibbons and to some extent the credibility of Jones. Williams was born on March 14, 1989, so he was twenty-four years old at the time in question. He had graduated from high school and had three years of college with fairly good grades and some experience playing football. Williams is obviously intelligent, and he appears to be someone who would not be intimidated easily. That he would sign five pages of a typewritten statement, which he knew was connected to the investigation of a series of robberies in which he was allegedly a participant, without reading the statement, is not credible. The testimony of Gibbons and Jones is more credible than that of Williams.

Based on these credibility determinations, the Court finds that the government has proven the following facts by a preponderance of the evidence. Williams was not in custody at the time the statement was taken. Williams was not under arrest and was informed that he was not under arrest. Williams went with the officers from his place of employment to the police department voluntarily. When they arrived at the police department, Gibbons read Williams the *Miranda* rights, as Williams acknowledged by signing the *Miranda* form, before Gibbons started taking a statement. Williams then voluntarily gave a statement, which Gibbons typed. After the statement was typed, Williams read the statement and signed and dated each page of it, thereby acknowledging it as his statement. Williams gave the statement voluntarily, after being informed of his constitutional right to remain silent and his right to counsel, both of which he voluntarily and knowingly waived.

Therefore, Williams's motion to suppress is denied. Document #45.

IT IS SO ORDERED this 5th day of March, 2014.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE